IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                          CRIMINAL CAUSE NO. 2:06cr1-KS-MTP

RICHARD LUCAS, KIMBERLY CASTLE
AND KENNETH STALNAKER

## ORDER CLARIFYING

This cause is before the Court on [404] Motion to Clarify Scope of Count 1 Ruling made by this Court in Order dated November 22, 2006 [403], filed by the United States, Response thereto by Kimberly A. Castle and Reply by the Government, and the Court after considering same finds, that the Motion for Reinstatement and Clarification should be **sustained** as more particularly set forth herein.

In its Order on Motion for Judgment of Acquittal pursuant to Rule 29 Fed. R. Crim. P. [403], the Court sustained Defendant Castle's Motion for Acquittal as to Counts One and Two. The basis for granting the request was that there was no federal nexus. The funds that were taken as a part of the scheme were not federally insured and §§ 1344 and 1014 did not apply. This Court did not specifically address the continued viability of the conspiracy to commit wire fraud in violation of Title 18 U.S. Code § 371, with the object of the conspiracy being to violate Title 18 U.S. Code § 1343. Count One alleged a § 371 violation with three specific objects of the conspiracy, being violations of §§ 1014, 1343 and 1344. The Court's finding that there is no federal nexus to establish jurisdiction of objects under §§ 1014 and 1344, is affirmed and Rule 29 Motions are granted as to said violations. However, this Court was in error in granting a Rule 29 Motion as to the § 1343 object of § 371 (conspiracy to commit wire fraud). The wire fraud

conspiracy is not dependent upon "insured" funds to be a violation of federal law.  The jury returned a special verdict as to Count One and found all three defendants guilty of all three objects of the conspiracy, including the conspiracy to commit wire fraud.  The Government's proof was sufficient to establish a wire fraud conspiracy and, therefore, this Court's Order should be clarified and amended to find that the conspiracy to commit wire fraud portion of Count One stands independently of the conspiracy to commit bank fraud. The convictions of all three defendants, Lucas, Castle and Stalnaker, as to Count One, Conspiracy to Commit Wire Fraud, shall stand and the Rule 29 Motion is **denied** as to same.  This is consistent with the specific finding of the jury and this Court's application of the statutes involved.

      For the above reasons, the convictions of all three defendants as to Count One shall stand based on the conspiracy to commit wire fraud finding by the jury.

      SO ORDERED this the 30th day of January, 2007.

                      s/ *Keith Starrett*
                      UNITED STATES DISTRICT JUDGE